UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

P3 INTERNATIONAL CORP. and
Daniel LIU,

    Plaintiffs,

v.

UPM MARKETING, INC.,
UPM TECHNOLOGY (USA), INC., and
SMARTLABS, INC., d/b/a/ Smarthome,

    Defendant.



08 CIV 5086

Case No.

COMPLAINT

    Plaintiffs P3 International Corp. and Daniel Liu assert the following as their complaint against defendants.

    1.    Plaintiff P3 International Corp. is a corporation organized and existing under the laws of the State of New York and has its principal place of business at 132 Nassau Street, New York, New York ("P3").

    2.    Plaintiff Daniel Liu is an citizen of Taiwan and has an office at No. 8F, 88 Baojhong Road, Sindian City, Taipai County 231, Taiwan ROC.

    3.    Defendant UPM Marketing, Inc. is a corporation organized and existing under the laws of Canada and has its principal office at 346 23rd Avenue SW Calgary, Alberta (together with UPM Technology, "the UPM defendants").

    4.    Defendant UPM Technology (USA), Inc. is a corporation organized and existing under the laws of the State of Delaware and has its principal office at 2473 South Archer Avenue, Chicago, Illinois (together with UPM Marketing, "the UPM defendants").

5. Defendant SmartLabs, Inc. is a corporation organized and existing under the laws of California and has its principal office at 16542 Millikan Avenue, Irvine, California ("SmartLabs").

6. This is an action for infringement arising under the patent laws of the United States, 35 U.S.C. § 100, *et seq.* This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a). Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

7. Plaintiff Daniel Liu is the owner of all right title and interest in United States Patent No. 6,095,850, duly issued to him August 1, 2000, a copy which is annexed to this complaint ("the '850 patent").

8. The '850 patent is valid, subsisting, and in full force and effect.

9. Plaintiff P3 is the exclusive licensee of the '850 patent and has recently introduced the KILL A WATT™ electric power meter, manufactured pursuant to the '850 patent, in the United States, where it has enjoyed substantial sales and popularity. The KILL A WATT is a portable device that plugs into a standard electrical outlet and measures the energy consumption of an appliance that, in turn, is plugged into it.

10. The UPM defendants subsequently imported into the United States, and have sold and offered for sale in the United States, in this judicial district, and in direct competition with the KILL A WATT, electric power meters identified as UPM models no. EM100, EM130, EM338, and EM369 Plug-in Energy Meters.

11. Upon information and belief, defendant SmartLabs has imported into the United States, and has sold and offered for sale in the United States and in this judicial district, in direct competition with the KILL A WATT, at least the UPM models no. EM100 and EM130 Plug-in Energy Meters.

12.  SmartLabs has more recently offered for sale in the United States and within this judicial district a plug-in energy meter identified as the "Save-A-Watt" Energy Meter in direct competition with plaintiff's KILL A WATT. Upon information and belief, SmartLabs intends to import and sell the "Save-A-Watt" energy meter in the United States and in this judicial district.

13.  The UPM defendants, by their importation, advertising, sale and offer for sale of their Plug-in Energy Meters in the United States, have infringed one or more claims of the '850 patent in violation of 35 U.S.C. § 271(a) and (b).

14.  Defendant Smartlabs, by its importation, sale, and offer for sale of the Save-A-Watt, and the UPM EM100 and EM130 Energy Meters, has infringed one or more claims of the '850 patent in violation of 35 U.S.C. § 271(a) and (b).

15.  Defendants' infringement has been deliberate and willful, with full knowledge of the '850 patent and in wrongful disregard of plaintiffs' rights thereunder.

16.  Upon information and belief, defendants' infringement is ongoing and will continue unless enjoined by this Court.

17.  Plaintiff P3 has been irreparably harmed by defendants' infringing acts, which harm cannot be remedied by monetary damages alone.

WHEREFORE, plaintiffs pray that this Court enter judgment:

A.  preliminarily and permanently enjoining defendants, their officers, directors, agents, employees, affiliates, and all those acting in concert or privity with any of them, from infringing the '850 patent;

B.  awarding plaintiffs damages sufficient to compensate them for defendants' infringement, in no event less than a reasonable royalty for defendant's infringing sales, with interest and costs;

C.   awarding plaintiffs three times the amount of damages assessed and their attorneys' fees in prosecuting this action pursuant to 35 U.S.C. §§ 284 and 285; and

D.   awarding plaintiffs such other and further relief as this Court deems just and proper.

          P3 INTERNATIONAL CORP. and
          Daniel Liu

By: _____
     James A. Power Jr (JP8491)
     Marguerite Del Valle (MD6923)

POWER DEL VALLE LLP
233 West 72 Street
New York, New York 10023
212-877-0100