UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| P3 INTERNATIONAL CORP. and DANIEL LIU, <br><br> Plaintiffs, <br><br> v. <br><br> UPM MARKETING, INC., UPM TECHNOLOGY (USA), INC., and SMARTLABS, INC., d/b/a Smarthome <br><br> Defendants. | ) ) ) ) ) ) ) ) ) Case No. 08 Civ. 5086 (DLC) ) ) ) ) ) ) ) |

## ANSWER AND COUNTERCLAIM

Defendants UPM MARKETING, INC., UPM TECHNOLOGY (USA), INC. (collectively "UPM"), and SMARTLABS, INC., d/b/a Smarthome ("Smartlabs"), for their answer to Plaintiffs' P3 INTERNATIONAL CORP. ("P3") and DANIEL LIU ("Liu") Complaint, state:

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1, and on that basis deny said allegations.

2. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2, and on that basis deny said allegations.

3. Defendants admit the allegations of paragraph 3.

4. Defendants admit the allegations of paragraph 4.

5. Defendants admit the allegations of paragraph 5.

6. Defendants admit that the complaint alleges infringement under the patent laws of the United States and admits that the Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 (a) and that venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

7. Defendants admit that a copy of United States Patent No. 6,095,850 (the "'850 patent") is attached to the Complaint. Defendants deny that it was duly issued. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 7, and on that basis deny said allegations.

8. Defendants deny the allegations of paragraph 8.

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9, and on that basis deny said allegations.

10. Defendants are without knowledge or information to form a belief as to the truth of the allegation that UPM "subsequently" imported electric power meters into the United States, and on that basis deny said allegations. Defendants admit that UPM has sold electric power meters identified as UPM models EM100 and EM130 plug-in Energy Meters. Defendants deny that UPM has imported or sold electric power meters identified as UPM models EM338 and EM369 plug-in Energy Meters. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that these meters are sold in direct competition to the Kill A Watt, and on that basis deny said allegations.

11. Defendants admit that SmartLabs has sold and offered for sale in the United States and within this judicial district, UPM models EM100 and EM130 plug-in Energy Meters. Defendants deny that SmartLabs has imported into the United States, UPM model EM100 and EM130 plug-in Energy Meters. Defendants are without knowledge or information sufficient to

form a belief as to the truth of the allegation that these meters are sold in direct competition to the Kill A Watt, and on that basis deny said allegations.

12. Defendants admit that in the past SmartLabs offered for sale in the United Stated and this judicial district a plug-in energy meter identified as the "Save-A-Watt" energy meter, but deny that SmartLabs has recently offered the product for sale. Defendants deny that SmartLabs intends to import and sell in the United States and within this judicial district the "Save-A-Watt" energy meter. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that this meter is in direct competition to the Kill A Watt, and on that basis deny said allegation.

13. Defendants deny the allegations of paragraph 13.

14. Defendants deny the allegations of paragraph 14.

15. Defendants deny the allegations of paragraph 15.

16. Defendants deny the allegations of paragraph 16.

17. Defendants deny the allegations of paragraph 17.

18. Responding to paragraphs A through D on pages 3 and 4 of the Complaint, Defendants deny each and every allegation in these paragraphs.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (INVALIDITY)

19. The '850 patent is invalid at least for failure to satisfy one or more of the conditions of Title 35 United States Code, including without limitation, Sections 101, 102, 103 and 112 thereof.

## SECOND AFFIRMATIVE DEFENSE
## (UNENFORCEABILITY)

20.     Upon information and belief, equity bars the enforcement of the '850 patent at least because of inequitable conduct of the named inventors of the '850 patent and the attorneys who prosecuted the patent application before the United States Patent and Trademark Office during prosecution of the patent.

## THIRD AFFIRMATIVE DEFENSE
## (LACHES AND EQUITABLE ESTOPPEL)

21.     Plaintiffs knew or should have known of activities now alleged to infringe the '850 patent, and failed to assert the patent for a period of years; the delay has materially prejudiced Defendants, such that any claim for infringement must now be barred by the doctrine of laches and equitable estoppel.

## FOURTH AFFIRMATIVE DEFENSE
## (ESTOPPEL)

22.     Plaintiffs are estopped by positions taken during the prosecution of the application which matured into the '850 patent from asserting infringement by Defendants.

## COUNTERCLAIM

23.     This is a counterclaim for a declaratory judgment of noninfringement, invalidity and unenforceability of U.S. Patent No. 6,095,850 (the "'850 patent") pursuant to U.S.C. §§ 2201 and 2202.

1160956 v1

24. This counterclaim arises under the United States Patent Laws, 35 U.S.C. §§ 101, 102, 103, 112 and 271. The Court has jurisdiction over the subject matter pursuant to 28 U.S.C. §§ 1331 and 1338(a).

25. UPM Marketing, Inc. is a corporation organized and existing under the laws of Canada and has its principal office at 346 23rd Avenue SW, Calgary, Alberta (with UPM Technology (USA) "UPM").

26. UPM Technology (USA), Inc. is a corporation organized and existing under the laws of the State of Delaware and has its principal office at 2473 South Archer Avenue, Chicago, Illinois (with UPM Marketing, Inc. "UPM").

27. SmartLabs, Inc. is a corporation organized and existing under the laws of California and has its principal office at 16542 Millikan Avenue, Irvine, California ("SmartLabs").

28. In its Complaint, P3 International Corp. alleged that it is a corporation organized and existing under the laws of the State of New York and has its principal place of business at 132 Nassau Street, New York, New York ("P3").

29. In his Complaint, Daniel Liu alleged that he is a citizen of Taiwan and has an office at No. 8F, 88 Baohong Road, Sindian City, Taipei County 231, Taiwan ROC ("Liu").

30. By virtue of the Complaint in this action, an actual controversy exists with respect to the validity, scope and enforceability of the '850 patent, and with respect to the right of UPM and SmartLabs to continue the actions that P3 and Liu have alleged to constitute infringement of the '850 patent.

1160956 v1

31. UPM and SmartLabs have not infringed and do not infringe any valid claim of the '850 patent.

32. The '850 patent is invalid for failure to comply with the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.

33. Upon information and belief, the '850 patent is unenforceable because the inventor misled the U.S. Patent and Trademark Office, including failing to disclose UPM's prior art plug-in energy meters to the U.S. Patent and Trademark Office during prosecution.

WHEREFORE, UPM and SmartLabs request that the Court enter a judgment as follows:

    A. Declaring that UPM and SmartLabs have not infringed any valid claim of the '850 patent;

    B. Declaring that each of the claims of the '850 patent is invalid;

    C. Declaring that each of the claims of the '850 patent is unenforceable.

    D. Declaring that any recovery by the plaintiffs is limited and/or barred by the principles of laches and/or estoppel;

    E. Dismissing the Complaint in its entirety with prejudice;

    F. Awarding UPM and Smartlabs their costs incurred herein;

    G. Declaring this case exceptional under 35 U.S.C. § 285 and awarding UPM and SmartLabs their reasonable attorney fees;

    H. Awarding UPM and SmartLabs such further relief as the Court deems just and proper.

UPM and SmartLabs request a jury trial as to all issues triable to a jury.

MORGAN & FINNEGAN, LLP

Dated: 08/28/08          By: /S/ Tod M. Melgar
                             Tod M. Melgar
                             Danielle V. Tully
                             3 World Financial Center
                             New York, New York 10281
                             Tel: (212) 415-8700
                             Fax: (212) 415-8701
                             tmelgar@morganfinnegan.com
                             dtully@morganfinnegan.com
                             Attorneys for Defendants UPM

WINSTON & STRAWN, LLP

Dated: 8/21/08           By: _____
                             Thomas P. Lane
                             200 Park Avenue
                             New York, New York
                             Tel: (212) 294-6869
                             tlane@winston.com
                             Attorneys for Defendant SmartLabs, Inc.

1160956 v1